[Civ. No. 2902.   Second Appellate District, Division One.—December 4, 1919.]

## EXCHANGE SECURITIES COMPANY (a Corporation), Appellant, v. JOHN ROSSINI et al., Copartners, etc., et al., Respondents.

[1] LANDLORD AND TENANT—BREACH OF COVENANT BY TENANT—RIGHT TO EVICT.—In the absence of statutory provision, the breach of an independent covenant made by the tenant will not justify the eviction of the latter, unless the lease contains a stipulation to that effect.

[2] ID.—BREACH BY LANDLORD—RIGHT OF TENANT TO TERMINATE LEASE.—Where there is no statutory regulation on the subject, the breach of a like covenant on the part of the landlord will not warrant the tenant in terminating the lease and refusing to pay the rent called for thereby, in the absence of a stipulation in the lease to that effect.

[3] ID.—OPTION TO PURCHASE—BREACH BY LESSOR—RIGHT OF LESSEE TO ABANDON PREMISES.—A covenant in a lease, whereby the lessor agrees that if, during the term of the lease, she should receive a *bona fide* offer for the purchase of the property and desire to accept such offer and sell the property, such facts should be communicated to the lessees, who are, for a period of ten days from the service of such notice, given the option to purchase the leased property at the price and upon the terms contained in the offer so received by the lessor, is in its nature independent and not a condition precedent to the payment of the rent by the lessees; and where the lease contains no stipulation that upon a breach thereof the tenants may at their option abandon the premises and terminate the lease, they are not absolved from the obligation to pay the rent reserved therein upon a breach thereof by the lessor.

APPEAL from a judgment of the Superior Court of San Diego County.   W. A. Sloane, Judge.   Reversed.

The facts are stated in the opinion of the court.

Shreve & Shreve and J. T. Reed for Appellant.

Adam Thompson for Respondents.

2.   Recovery of rent by landlord upon abandonment of premises by tenant, note, 14 Ann. Cas. 1089.

SHAW, J.—The material facts upon which the trial court rendered judgment for defendants, and from which plaintiff appeals, asserting that it is entitled to judgment upon the findings, are as follows: On the ninth day of May, 1913, Rosie J. Poggi made a written lease of certain real estate to defendants John Rossini and Henry Monighetti. The term of the lease was for a period of five years and the rental reserved therein was twelve thousand five hundred dollars, payable in equal semi-annual installments in advance. The lessees at the time caused a bond, for the faithful performance of their covenants contained in the lease, to be executed to the lessor by Joe Guidotti and Pietro Guidotti, who are joined with them as defendants herein. Among other covenants contained in the lease was one whereby the lessor agreed that if, during the term of the lease, she should receive a *bona fide* offer for the purchase of the property and desire to accept such offer and sell the property, such facts should be communicated to the lessees, who were, for a period of ten days from the service of such notice, given an option to purchase the leased property at the price and upon the terms contained in the offer so received by the lessor, which option to purchase by defendants, unless exercised within the time so specified, should terminate. The lease also contained provisions under which the purchaser, if other than the lessees, might terminate the lease upon notice as therein provided. On March 20, 1915, the lessor, without any notice to the lessees of her intention so to do and in violation of the covenant to give the lessees an opportunity to exercise their option to purchase the property, sold and conveyed the same to the Diamante Gardini Company, to which she assigned and transferred the lease, together with the bond given her for the faithful performance of the terms thereof; and on October 29, 1915, the Diamante Gardini Company conveyed the property to plaintiff herein, to which it likewise assigned the lease and bond aforesaid. On November 8, 1915, the lessees having paid all rent due to said date, abandoned the leased premises without plaintiff's consent, and thereafter refused to pay any rent for the balance of the term, which expired on May 8, 1918. Thereafter, plaintiff notified the lessees to resume possession of said premises and that, in case of their failure so to do within ten days, plaintiff would rent

the property to other tenants upon the best terms obtainable for and on account of said lessees and look to them for the payment of the difference between the amount called for by the lease and that which they might be able to obtain from the new tenant, to which the lessees, through their attorney, answered, saying that their abandonment of the leased property was due to the violation of the lessor's covenant contained in the lease by failing to give them an opportunity to exercise the option for the purchase of the property, and that plaintiff was at liberty to take such steps in the premises with reference to letting the property to another tenant as it might be advised. Thereupon, on December 1, 1915, plaintiff leased the property for the balance of the term, at one thousand dollars per year, which, though less than that reserved in the lease, was at the time a fair and full rental for the property.

Upon these facts being made to appear, in an action to recover the amount called for by the lease, with interest on the installments of rent as they became due, less the sum of one thousand dollars per year, for which the premises were re-rented, the court, as a conclusion of law, found that plaintiff was entitled to take nothing and that defendants were entitled to their costs.

Whether or not the covenant in question so made by the lessor warranted the lessees in terminating the lease and refusing to pay the rent is the sole point in controversy between the parties. [1] As to the landlord, the general rule is that, in the absence of statutory provision, the breach of an independent covenant made by the tenant will not justify the eviction of the latter unless the lease contains a stipulation to that effect. "The mere breach of a covenant by the tenant can give the landlord no right of re-entry unless there be a stipulation in the lease that such breach of covenant shall work a forfeiture or determination of the tenant's interest. No ejectment can be maintained by the landlord for mere breach of covenant not coupled with a proviso that the term shall end. His only remedy would be an action for breach of covenant." (Jones on Landlord and Tenant, sec. 487.) In support of this proposition, the author cites a number of cases. [2] And where there is no statutory regulation of the subject, it is equally true, upon like principle, that in the absence of stipulation to such

effect, the breach of a like covenant on the part of the land-
lord will not warrant the tenant in terminating the lease
and refusing to pay the rent called for thereby. Thus it has
been held that, in the absence of such stipulation giving the
tenant the right to terminate the lease, the failure of the
landlord to comply with his covenant to make improvements
upon the demised premises will not justify the tenant in
abandoning the premises and refusing to pay the rent.
(*Partridge* v. *Dykins*, 28 Okl. 54, [34 L. R. A. (N. S.) 984,
113 Pac. 928]; *Huber* v. *Ryan*, 26 Misc. Rep. 428, [56 N. Y.
Supp. 135]; 18 Am. & Eng. Ency. of Law, p. 230.) In the
absence of a stipulation therefor, which must be construed
strictly against the party for whose benefit it is created
(Civ. Code, sec. 1442; *Randol* v. *Scott*, 110 Cal. 590, [42
Pac. 976]), neither party can claim forfeiture. As to the
landlord, the covenant must be coupled with a proviso that
the breach thereof shall entitle him to a re-entry of the
premises, and shall, as to the tenant, to entitle him at his
option to terminate the lease, be coupled with a like proviso.
Otherwise, and in the absence of such stipulation, the remedy
in either case is an action for breach of the covenant. Con-
ditions arising upon a breach of covenant are the subject
of contract and, if desired, the party interested should insist
upon their insertion in the lease. In the instant case, the
lease expressly provides that upon breach of any of the
covenants therein contained on the part of the lessees, the
lessor shall, at his option, re-enter upon the demised prem-
ises and terminate the lease. No such provision, however, is
contained in the lease giving the tenants a like right. Hence,
in the absence thereof, the lessees' remedy for breach of the
covenant in question is an action thereon.

[3] Our conclusion is that the covenant in question on
the part of the lessor was in its nature independent and not
a condition precedent to the payment of the rent by the
lessees; and since the lease contains no stipulation that upon
a breach thereof the tenants may at their option abandon
the premises and terminate the lease, they are not absolved
from the obligation to pay the rent reserved therein.

The judgment is reversed and the lower court instructed to
render judgment on the findings for plaintiff for the rent
reserved in and payable under the terms of the lease, to-
gether with interest upon each installment thereof from the

time when it became due and payable, less the amount of one thousand dollars per year and interest thereon from the time when under the terms of the contract of re-rental the same became due and payable. Such judgment, however, as to defendants Joe Guidotti and Pietro Guidotti to be limited to the penal sum specified in their bond for the faithful performance by the lessees of the covenants contained in the lease.

Conrey, P. J., and James, J., concurred.