[Civ. No. 7055. Fourth Dist. May 29, 1963.]

COLONEL L. BOWEN et al., Plaintiffs and Appellants, v. DANIEL J. COWETT, Defendant and Respondent.

768

Louis Kaminar and Bruce I. Rauch for Plaintiffs and Appellants.

King & Mussell and Stanley Mussell, Jr. for Defendant and Respondent.

BROWN (G.), J.—Plaintiffs, Colonel L. Bowen and his wife, sued defendant, Daniel J. Cowett, an attorney, for malpractice and breach of contract by reason of his failure to carry out his employment of August 18, 1959, to move to set aside a judgment entered against the plaintiffs on March 13, 1959, in another action. The plaintiffs have appealed from a judgment of dismissal following a summary judgment favoring defendant.

The background of the action is as follows: One Addie M. Hicks obtained a judgment against Roy B. Ransom and Cecile Ransom (hereinafter called Ransom) on August 10, 1956, in action No. 81748 in the San Bernardino County Superior Court. On June 7, 1956, Ransom deeded certain real property to Quinon D. Wallace and Rose Mary Wallace (hereinafter called Wallace) who thereafter deeded the same property to the appellants herein. Later, in action No. 88813 in the San Bernardino County Superior Court, Hicks sued to set aside as fraudulent the conveyances from Ransom to Wallace and from Wallace to appellants. The appellants appeared through an attorney of record; they had notice of trial, and when the action was called for trial January 26, 1959, the appellants herein appeared in court without an attorney; at that time the case was ordered to trial on the calendar; the appellants had knowledge of this order. On February 16, 1959, the case came to trial; the defendants Ransom and Wallace appeared and were represented by an attorney; the appellants herein failed to appear; pursuant to stipulation of counsel for plaintiff Hicks and defendants Ransom and Wallace, the court ordered judgment in favor of plaintiff as prayed for in the complaint; findings of fact and conclusions of law were waived; plaintiff's counsel was to prepare and submit a judgment to defendants' counsel for approval; and the deeds from Ransom to Wallace and from Wallace to Bowen were vacated and set aside.

Thereafter, plaintiff Hicks prepared judgment which was entered on March 13, 1959, although not approved by counsel for defendants.

The appellants employed respondent on August 18, 1959, to move to set aside the judgment entered against them on

March 13, 1959. The respondent admits he did not make the motion. August 18 is within six months of March 13, but more than six months from February 16. The motion for summary judgment was considered by the trial court solely on the affidavit filed by respondent; the appellants filed no counteraffidavit. There were no triable issues of fact.

██ If it appears from a motion for summary judgment that an issue of law only is raised, it is the court's duty to determine that issue. (*Enos* v. *Foster,* 155 Cal.App.2d 152 [317 P.2d 670]; *Doyle* v. *Hibernia Bank,* 156 Cal.App.2d 16 [319 P.2d 412].)

██ Section 473 of the Code of Civil Procedure provides that a party may be relieved from a "judgment, *order, or other proceeding* taken against him through his mistake, inadvertence, surprise, or excusable neglect," provided such application is made "within a reasonable time, in no case exceeding six months, after such judgment, *order or proceeding* was taken." (Italics ours.)

If a judgment is based upon, or incident to, some prior proceeding, a motion to set aside the judgment would be an idle act unless the underlying proceeding may also be set aside. Thus in *Monica* v. *Oliveira,* 147 Cal.App.2d 275 [305 P.2d 169], it was held that relief from default under section 473 of the Code of Civil Procedure was properly denied after six months had expired from entry of default. Even though the judgment, which was entered within six months of the motion under section 473, could be set aside, to do so would accomplish nothing since the parties would still be in default, and it would be the immediate duty of the court to enter a judgment on the default.

██ In the case before us we must inquire whether or not the judgment entered on March 13, 1959, is based upon, or incident to, some prior order or proceeding which is invulnerable to section 473.

The trial which occurred on February 16, 1959, is the proceeding in question. Six months after that trial ended, if it did end on February 16, section 473 ceased to be an available remedy to set it aside. Since the date the trial was completed is crucial, a re-examination of the facts is in order.

Appellants, though properly noticed, failed to attend the trial on February 16, 1959. Findings of fact and conclusions of law were thus automatically waived as to them. (Code Civ. Proc., § 632.) By stipulation, findings of fact and conclusions of law were waived by the other parties to the

litigation, all of whom were present at the trial and were represented by counsel. The court rendered its decision which was recorded in the minute order of February 16, 1959; the court ordered judgment for plaintiff Hicks as prayed for, and the deeds from Ransom to Wallace and from Wallace to Bowen were vacated and set aside.

Waiver of the findings of fact and conclusions of law is significant in determining when the trial actually ended. In a case requiring findings, the trial is incomplete until findings are signed and filed, since the trier of fact may later change his mind. (*Reimer* v. *Firpo,* 94 Cal.App.2d 798, 800 [212 P.2d 23].) When only the findings are required to complete the trial, waiver thereof, and announcement of the decision followed by entry in the minute order is equivalent to filing findings and the proceedings are thus ended. In *In re Steiner,* 134 Cal.App.2d 391, 398 [285 P.2d 972], the court stated:

". . . the law pertaining to judgments generally recognizes the propriety of an oral pronouncement which is carried into the court minutes. The judge's signature to a written judgment is not essential. [Citing cases.] Except where findings are specifically required (as in Code Civ. Proc., § 632) a judgment is rendered when decision is announced and carried into the minutes. [Citing cases.] 'It is a matter of trial court procedure whether the court chooses to make its final decision by the entry in the minutes of an order without a direction that a written order be prepared, signed and filed, or elects to enter a direction that a formal order be prepared. (*Gwinn* v. *Ryan,* 33 Cal.2d 436 [202 P.2d 51].' " (Citations.)

 Despite the court's direction that plaintiff's counsel prepare a judgment and submit it to defendants' counsel for approval, it is apparent that the court made its final decision on February 16, 1959, by providing in the minute order: "In action No. 81748 the deed from defendant Wallace to defendant Bowen is vacated and set aside." At that time the decision was announced by the court and entered in the minutes, together with a waiver of findings of fact and conclusions of law; the trial or proceeding before the court was then completed and the preparation of a formal judgment became a mere ministerial act. (*Benway* v. *Benway,* 69 Cal. App.2d 574, 580 [159 P.2d 682]; *Gossman* v. *Gossman,* 52 Cal.App.2d 184, 196 [126 P.2d 178].) Thus the trial ended on February 16, 1959. Six months thereafter sec-

tion 473 ceased to be an available remedy to set aside this decision or proceeding of the court.　　Since setting aside the formal judgment entered March 13, 1959, would still leave the decision of February 16, 1959, operative and invulnerable to section 473 it would be futile to set aside said judgment.　For that reason the judgment of dismissal of appellant's suit against respondent was proper.

Judgment affirmed.

Griffin, P. J., and Coughlin, J., concurred.