[Civ. No. 20865.   Second Dist., Div. One.   May 4, 1955.]

JEROME DORSEY, Appellant, v. CITY OF LOS ANGELES et al., Defendants and Respondents; KOEBIG and KOEBIG (a Corporation), Intervener and Respondent.

Loren A. Butts for Appellant.

Roger Arnebergh, City Attorney, Bourke Jones, Assistant City Attorney, George William Adams and Claude E. Hilker, Deputy City Attorneys, for Defendants and Respondents.

Frank P. Doherty and Frank W. Doherty for Intervener and Respondent.

DRAPEAU, J.—This is an appeal from a summary judgment under the provisions of section 437c of the Code of Civil Procedure.

In 1952 it became apparent to the governing bodies of the county of Los Angeles, and of the city of Los Angeles, that there was immediate need for adequate storm drains to protect homes, schools, and highways from flood waters. During rainstorms in that year accumulated surface waters caused great damage in the city and in the county. Drainage facilities were inadequate to conduct such waters rapidly to flood channels. Consequently the electorate of the area approved a bond issue of $179,000,000 to remedy the condition, and to be expended under the direction of the Los Angeles County Flood Control District.

In 1953 the flood control district and the city of Los Angeles entered into a contract whereby the city agreed to provide plans and specifications for 53 flood control projects within the city. The estimated cost of $75,975,100 was to be paid to the city by the flood control district. By the terms of the contract the chief engineer of the flood control district

was to retain control of the preparation of the plans and specifications.

At the time the city undertook this work there were 15 men in the city's engineering department who were considered qualified and available to design storm control projects. It was estimated that an additional 118 employees would be required to perform the additional engineering work, and that it would take approximately three months to train them. Upon completion of the work the city would have no further use for them.

These engineering services were a specialty within the field of civil engineering. An emergency existed. There was imminent danger of loss of life and damage to property, as well as serious inconvenience to the public. And it was urgently necessary to complete the flood control work with the utmost possible dispatch.

For these reasons the city entered into a contract with the engineering firm of Koebig and Koebig to prepare the plans and specifications for that one of the 53 projects upon which the others were dependent.

Plaintiff brought this action as a resident and taxpayer of the city of Los Angeles, to enjoin the city and certain of its officers from paying any money to Koebig and Koebig under the contract, and to declare the contract unlawful and void.

In his complaint plaintiff alleged: That the city had no legal right to enter into the contract for the reason that under its charter a complete scheme is set up to be followed in selecting and appointing persons to be employed in the service of the city. That neither the work nor the personnel involved in the contract comes within any exception from civil service in the charter. And that the work contemplated was of a type and kind that could be performed by employees of the city.

Koebig and Koebig were permitted to intervene in the action.

The city answered, and also demurred to the complaint. The intervener moved for judgment on the pleadings, and for summary judgment.

The motion for summary judgment was based upon averments in affidavits substantially as stated in this opinion. Plaintiff did not dispute the verity of these averments by counteraffidavits.

The superior court dismissed an order to show cause for

a preliminary injunction, overruled the city's demurrer, denied the motion for judgment on the pleadings, and rendered summary judgment as stated.

Plaintiff appeals from the judgment.

■ Summary judgments under section 437c of the Code of Civil Procedure are drastic, and should be used with caution. ■ Nor should the section be used as a substitute for existing methods of trial of issues of fact. (*Walsh* v. *Walsh*, 18 Cal.2d 439 [116 P.2d 62].)

■ The validity of a summary judgment under section 437c of the Code of Civil Procedure is to be determined by the sufficiency of the affidavits upon which it is based. ■ Proceedings under this code section are not to be used to test the sufficiency of pleadings. (*Coyne* v. *Krempels*, 36 Cal.2d 257 [223 P.2d 244]; *Kimber* v. *Jones*, 122 Cal. App.2d 914 [265 P.2d 922].)

Plaintiff contends that his complaint and the answer present triable issues of fact; that it was his right to have it determined after a trial in the superior court whether or not the Koebig contract was contrary to the city's charter and therefore unlawful; that when the city's demurrer to his complaint was overruled the superior court found in effect that his complaint stated a good cause of action; and that it was therefore error to grant the motion for summary judgment. Plaintiff relies upon the cases of *Saunders* v. *Hibernia Sav. & L. Soc.*, 23 Cal.2d 738 [146 P.2d 683], and *Arnold* v. *Hibernia Sav. & L. Soc.*, 23 Cal.2d 741 [146 P.2d 684].

■ However, the case of *Coyne* v. *Krempels, supra*, 36 Cal.2d 257, holds that the code section provides a method whereby the superior court may determine whether or not issues of fact presented for trial are real or are merely the product of adept pleading. Taking as true the uncontroverted affidavits presented in support of the motion in this case, this court can find no error or abuse of discretion in granting it, and can find no issues of fact remaining for trial.

After resolving every reasonable doubt in favor of the pleading as required by the rule in *Arnold* v. *Hibernia Sav. & L. Soc., supra*, it appears from the affidavits that the engineering services here under consideration are special in character and temporary in nature, and come within legitimate exceptions to civil service in the charter of the city of Los Angeles.

■ It is recognized that there is a field in which governmental agencies may employ independent contractors to per-

form services that cannot be satisfactorily performed under the provisions of civil service. (*State Comp. Ins. Fund* v. *Riley,* 9 Cal.2d 126 [69 P.2d 985, 111 A.L.R. 1503].)

It follows, therefore, that in the circumstances of this case the Koebig contract was within the powers of the city government, and was not unlawful.

The judgment is affirmed.

White, P. J., and Doran, J., concurred.