[Civ. No. 513.   Fifth Dist.   Feb. 15, 1966.]

JOHN ROBERT BREWER, Cross-complainant and Appellant, v. RELIABLE AUTOMOTIVE COMPANY, Cross-defendant and Respondent.

Raymond & Keon and Peter E. Livanos, Jr., for Cross-complainant and Appellant.

McCormick, Barstow, Sheppard, Coyle & Best, Lawrence E. Wayte and Hollis G. Best for Cross-defendant and Respondent.

BROWN (R.M.), J.—This is an appeal from a summary judgment entered on motion of the above named respondent. The case involves a March 1963 accident which occurred between a Mack truck owned by the appellant and a road grader owned by the original plaintiff, Asbury Transportation Company. Appellant's truck struck the road grader which accident was allegedly caused by an aluminum disk wheel on the Mack truck which collapsed.

The Asbury Transportation Company sued the appellant, who cross-complained against many cross-defendants, including respondent. There are allegations in the cross-complaint that the respondent sold the Mack truck to appellant and orally warranted the truck to be free from defects, which warranties were breached. A second cause of action repleads all the allegations of the first, except the warranties are alleged to be implied rather than express. A third cause of action was based on negligence in manufacture, assembly, fabrication and sale. The cross-complaint did not involve damages for personal injury, but only substantial property damage. The respondent subsequently moved for a summary judgment in addition to filing a demurrer.

A sole moving affidavit was filed in this matter by Sweet & Ashjian Automotive, Inc., the successor corporation to respondent. The pertinent statements in the affidavit are: In 1958 the respondent sold the Mack truck in question to one Ezra Grenz; respondent did not sell the Mack truck or any of its wheels to appellant; the truck was not manufactured by respondent; the wheels on said truck when sold by respondent to Grenz were not provided by respondent, but by Mack,

the manufacturer of the truck; and that neither the respondent nor its successor manufactured or assembled or fabricated the truck or any of the truck wheels, nor had the respondent ever engaged in the manufacture of any truck or truck wheels.

The appellant failed to file any counteraffidavits and thus admits the truth of the respondent's affidavit. ". . . the absence of such counteraffidavits does not relieve the moving party from the burden of establishing the evidentiary facts of every element necessary to entitle him to the judgment," as said in *American Society of Composers, Authors & Publishers* v. *Superior Court*, 207 Cal.App.2d 676, 687 [24 Cal. Rptr. 772]; and in *House* v. *Lala*, 180 Cal.App.2d 412, 416 [4 Cal.Rptr. 366].

In *Dorsey* v. *City of Los Angeles*, 132 Cal.App.2d 716, at page 719 [282 P.2d 997], it is said that proceedings under section 437c of the Code of Civil Procedure are not to be used to test the sufficiency of the pleadings. The real test for support of the motion for summary judgment is whether by affidavits there is a showing that no triable issue of fact is disclosed. If the court finds that there is an issue to be tried, a summary judgment is not proper. (*Walsh* v. *Walsh*, 18 Cal.2d 439 [116 P.2d 62]; *Eagle Oil & Ref. Co.* v. *Prentice*, 19 Cal.2d 553 [122 P.2d 264].) It is further true that one material triable issue requires reversal of a summary judgment. (*Miller & Lux, Inc.* v. *Bank of America*, 212 Cal. App.2d 719, 724 [28 Cal.Rptr. 401].)

Section 437c of the Code of Civil Procedure sets down the rules and procedure to be followed in moving for summary judgment. The moving party must file affidavits in support of that motion, and those affidavits must contain facts sufficient to entitle it to judgment. These rules are restated and defined in two recent Supreme Court cases, *Towne Development Co.* v. *Lee*, 63 Cal.2d 147 [45 Cal.Rptr. 316, 403 P.2d 724] and *Stationers Corp.* v. *Dun & Bradstreet, Inc.*, 62 Cal.2d 412 [42 Cal.Rptr. 449, 398 P.2d 785]. In *Stationers,* the court, at page 417, states: "Summary judgment is proper only if the affidavits in support of the moving party would be sufficient to sustain a judgment in his favor and his opponent does not by affidavit show such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue. The aim of the procedure is to discover, through the media of affidavits, whether the parties

possess evidence requiring the weighing procedures of a trial. In examining the sufficiency of affidavits filed in connection with the motion, the affidavits of the moving party are strictly construed and those of his opponent liberally construed, and doubts as to the propriety of granting the motion should be resolved in favor of the party opposing the motion.''

The appellant argues and maintains that there is a theory of strict liability in tort and therefore there is a triable issue as to the proximate cause of the damage to the appellant as set forth in his cross-complaint.

In the landmark case of *Vandermark* v. *Ford Motor Co.*, 61 Cal.2d 256, the court held at page 263 [37 Cal.Rptr. 896, 391 P.2d 168], that the retailer is subject to strict liability in tort for personal injuries because ''it is in the business of selling automobiles, one of which proved to be defective and caused injury to human beings.''

In *Greenman* v. *Yuba Power Products, Inc.*, 59 Cal.2d 57 [27 Cal.Rptr. 697, 377 P.2d 897], the court said at page 62, that strict liability in tort is applicable to a manufacturer of an article which was placed on the market when the manufacturer knows ''that it is to be used without inspection for defects'' and the article ''proves to have a defect that causes injury to a human being.'' In that case the plaintiff was not the party who bought the defective shopsmith; it was a gift. In the *Vandermark* case, *supra*, the passenger in the automobile was entitled to maintain an action for personal injuries under the theory of strict liability although it was clear there was no sale of the car to her.

In *Seely* v. *White Motor Co.*, 63 Cal.2d 9, the court stated at page 15 [45 Cal.Rptr. 17, 403 P.2d 145] : ''It is contended that the foregoing legislative scheme of recovery has been superseded by the doctrine of strict liability in tort set forth in *Greenman* v. *Yuba Power Products, Inc.*, 59 Cal.2d 57, 63 [27 Cal.Rptr. 697, 377 P.2d 897], and *Vandermark* v. *Ford Motor Co.*, 61 Cal.2d 256, 261 [37 Cal.Rptr. 896, 391 P.2d 168]. We cannot agree with this contention. The law of sales has been carefully articulated to govern the economic relations between suppliers and consumers of goods. The history of the doctrine of strict liability in tort indicates that it was designed, not to undermine the warranty provisions of the sales act or of the Uniform Commercial Code but, rather, to govern the distinct problem of physical injuries.'' The court further said: ''White is responsible for these losses only

because it warranted the truck to be 'free from defects in material and workmanship under normal use and service.' " (P. 16.)

However, we are not unmindful of the appellant's reliance on the court's view that, "Plaintiff contends that, even though the law of warranty governs the economic relations between the parties, the doctrine of strict liability in tort should be extended to govern physical injury to plaintiff's property, as well as personal injury. We agree with this contention." (P. 19.) And, in the concurring and dissenting opinion to the *Seeley* case by Justice Peters, he points out: "Then the majority say, unnecessarily and gratuitously, that plaintiff cannot recover on the theory of strict liability. Both the holding and the dicta are, in my opinion, incorrect." (P. 20.)

■ Under the authority of the above Supreme Court decisions, we conclude that the respondent is not responsible under the doctrine of strict liability for property damages caused by the truck which was not sold by it to the appellant.

The judgment is affirmed.

Conley, P. J., concurred.

STONE, J.—I dissent. The majority opinion relies in part on *Seely* v. *White Motor Co.*, 63 Cal.2d 9 [45 Cal.Rptr. 17, 403 P.2d 145]. That opinion at page 19 reads as follows: "Plaintiff contends that, even though the law of warranty governs the economic relations between the parties, the doctrine of strict liability in tort should be extended to govern physical injury to plaintiff's property, as well as personal injury. We agree with this contention. Physical injury to property is so akin to personal injury that there is no reason to distinguish them."

Therefore, insofar as the cross-complaint relates to damages to personal property, I would reverse the judgment.