[Civ. No. 971.   Fifth Dist.   May 15, 1968.]

JERRY W. BEWLEY et al., Plaintiffs and Respondents, **v.** DONALD OTIS RIGGS, Defendant and Appellant.

Lambert, Lemmon & Winchell and James W. Winchell for
Defendant and Appellant.

No appearance for Plaintiff and Respondent.

CONLEY, P. J.—On this appeal the respondents were
apparently so confident of their position that they did not see
fit to aid the court even by filing a brief or arguing their side
of the litigation. Notice was given to the parties pursuant to
rule 17(b) of the California Rules of Court, and the respond-
ents still saw fit to do nothing. The appellant notified the
clerk that he did not wish to argue the case. Consequently, the
appeal was submitted for decision on the record and appel-
lant's opening brief pursuant to rule 17(b) of the California
Rules of Court.

The action had its origin in a four-car automobile accident
which occurred in the County of Sacramento on September 10,
1964. Shortly after midnight, an automobile driven by one
Joseph N. Beatty in an easterly direction along 47th Avenue,
a two-lane, two-way street, came to a stop in the roadway.
Behind the Beatty vehicle and proceeding likewise in an
easterly direction was a second car driven by Jerry W. Bew-
ley. Mr. Beatty alighted from his vehicle and walked back to
the Bewley car where the two drivers engaged in conversation.
Shortly thereafter, another vehicle proceeding in the same
direction as the two former ones and driven by Donald Otis
Riggs stopped behind the Bewley car. Within a short time, a
fourth vehicle driven by Jean Carol Pitts, also going easterly,
crashed into the rear of the Riggs vehicle causing it in turn to
collide with the Bewley car, which thereafter struck the
Beatty automobile. Several suits resulted, but the present
appeal deals only with an action brought by Jerry W. Bewley
and C. L. Bewley against Donald Otis Riggs and the counter-
claim filed therein. After the case was at issue, the Bewleys
moved for a summary judgment, and in turn counsel for
Riggs separately asked for a summary judgment in his favor.
The court granted each of the motions. The Bewleys did noth-
ing about an appeal, and the judgment in favor of Riggs
against the Bewleys has become final. On the other hand,
Riggs did appeal from the judgment against him and, as we
have seen, his opponent did not even file a brief.

■ At the outset, it might be questioned whether the judgments above mentioned are interdependent, or, to put it more sharply, whether the appellant Riggs has a right, in the circumstances, to carry on his appeal based on a pleading denominated a counterclaim in his answer. We are persuaded that under the law and practice in this state the counterclaim in the present action has a life of its own, which was not extinguished by the ruling that the plaintiffs had no cause of action against the appellant on their complaint. Here, the counterclaim clearly arose from the same transaction that formed the basis for the complaint and it has been repeatedly held that where there is an automobile collision which forms the background or basis for the complaint the defendant may, if he has a claim also arising out of the transaction, file a counterclaim. This was done in the present suit, and it is obvious that the defendant could have filed a cross-complaint covering the same material basically that is in the counterclaim. The counterclaim tended to reduce or offset the claim which the plaintiffs had urged in their complaint, and it did arise from the same transaction.

As is stated in *Flickinger* v. *Swedlow Engineering Co.*, 45 Cal.2d 388, 392 [289 P.2d 214] : ''A counterclaim 'must tend to diminish or defeat the plaintiff's recovery and must exist in favor of a defendant and against a plaintiff between whom a several judgment might be had. . . .' (Code Civ. Proc., § 438; . . . *Case* v. *Kadota Fig Assn.*, 35 Cal.2d 596, 603-604 [220 P.2d 912].'' In the same case, it is also said (at page 393) : ''The law abhors a multiplicity of actions, and the obvious intent of the Legislature in enacting the counterclaim statutes (Code Civ. Proc., §§ 438, 439) was to provide for the settlement, in a single action, of all conflicting claims between the parties arising out of the same transaction. (23 Cal.Jur. § 4, pp. 221-222.) Thus, a party cannot by negligence or design withhold issues and litigate them in successive actions; he may not split his demands or defenses; he may not submit his case in piecemeal fashion. (*Brunswick Drug Co.* v. *Springer*, 55 Cal.App.2d 444, 449-450 [130 P.2d 758].) If by an attempt at artful pleading, a party could assert his cause in one form in one action and, after an adverse decision on the merits, reassert it in another form in a subsequent action, there would be no end to litigation; and, of course, the mere fact that Flickinger may have seen fit to counterclaim in the prior action in the form of an account stated cannot place him in any better position than if he had omitted to file a counterclaim of any kind in that action.''

In *Gorman* v. *Superior Court,* 23 Cal.App.2d 173, 177 [72 P.2d 774], it is said: "It is now well settled that where separate causes of action, whether for personal injuries or for property damage, arise out of an automobile collision the accident may be said to be the 'transaction' out of which the causes arise within the meaning of sections 438 and 442 of the Code of Civil Procedure." (See also *Todhunter* v. *Smith,* 219 Cal. 690 [28 P.2d 916]; *Morris* v. *Warner,* 207 Cal. 498 [279 P. 152]; *Engleman* v. *Superior Court,* 105 Cal.App. 754 [288 P. 723].)

In 20 American Jurisprudence, Second Edition, Counterclaim, Recoupment, etc., section 44, page 265, it is stated: "It is generally permissible, in a negligence action arising from a collision of vehicles, to counterclaim for negligence involving the same collision."

If there had been a complete trial of the complaint and the counterclaim, it is clear that there could have been a judgment in favor of the counterclaimant for anything in excess of an offset of the plaintiffs' claim. In section 666 of the Code of Civil Procedure, it is provided: "If a counterclaim, established at the trial, exceed the plaintiff's demand, judgment for the defendant must be given for the excess; or if it appear that the defendant is entitled to any other affirmative relief, judgment must be given accordingly.

"When the amount found due to either party exceeds the sum for which the court is authorized to enter judgment, such party may remit the excess, and judgment may be rendered for the residue."

As is said in 80 Corpus Juris Secundum, Set-Off and Counterclaim, section 61(c): ". . . it is generally held, sometimes by reason of statute, that, where defendant pleads and proves a counterclaim which exceeds plaintiff's demand, defendant is entitled to a judgment for the excess." It should be observed in a situation such as is presented by the pleadings, if there had been a complete trial of all of the issues and there had been a nonsuit or a denial of recovery on the complaint, the court would have had to try the issues framed by the counterclaim, and, if the trial court had found that the counterclaimant proved a good cause of action, judgment would have resulted in favor of the counterclaimant.

*Tomales Bay etc. Corp.* v. *Superior Court,* 35 Cal.2d 389 [217 P.2d 968], settles the right of the appellant to consider that his cause of action by way of counterclaim survived the dismissal of the complaint in the action. In that opinion writ-

ten by Chief Justice Gibson it is pointed out that where affirmative relief is claimed on a counterclaim it is in effect the same as a cross-complaint and is to be considered separately from the complaint. The opinion points out that subdivision 5 of section 581 of the Code of Civil Procedure provides that a plaintiff may voluntarily dismiss his cause of action with prejudice prior to trial, but that the dismissal does not have the effect of dismissing a cross-complaint or counterclaim, such as we have here, or of depriving the defendant of the affirmative relief sought by his answer. The court continues: ''In view of this statutory policy it is obvious that a plaintiff should not be allowed to assert any greater rights merely because he has adopted a course of inaction which eventually results in the involuntary dismissal of his complaint under section 583, and, therefore, he should not be entitled to claim that the involuntary dismissal of his complaint constitutes or requires dismissal of a counterclaim wherein defendant seeks affirmative relief.''

In support of the conclusion contained in the *Tomales Bay* opinion see also *Pacific Finance Corp.* v. *Superior Court,* 219 Cal. 179 [25 P.2d 983, 90 A.L.R. 384] ; *Bayle-Lacoste & Co.* v. *Superior Court,* 46 Cal.App.2d 636, 641 [116 P.2d 458] ; 48 A.L.R.2d, pp. 755-756.)

In *Taliaferro* v. *Taliaferro,* 154 Cal.App.2d 495 [316 P.2d 393], it is pointed out that where a defendant's claim as set forth in his pleading is based upon the transaction sued on by plaintiff and tends to defeat plaintiff's claim and involves only the original parties, defendant's cause of action may be deemed either a counterclaim or a cross-complaint.

Section 442 of the Code of Civil Procedure points out that a cross-complaint can be filed whenever a defendant seeks affirmative relief relating it to the transaction upon which the action is brought; in such circumstances, he may, in addition to his answer, file at the same time, or by permission of the court subsequently, a cross-complaint. The purpose of this provision is, of course, to secure a complete determination of the controversy among the parties by one action, thus, avoiding circuity of action. (*Sattinger* v. *Newbauer,* 123 Cal.App. 2d 365 [266 P.2d 586] ; *County of Humboldt* v. *Kay,* 57 Cal. App.2d 115 [134 P.2d 501] ; *Bracey* v. *Gray,* 65 Cal.App.2d 282 [150 P.2d 564] ; *Millar* v. *Millar,* 51 Cal.App. 718 [197 P. 811].)

It is our conclusion that in a case of this kind where one party brings an action based on an automobile accident and the defendant in turn files a counterclaim which is of such

nature that it might also have been a cross-complaint and the main case is disposed of either by the voluntary act of the plaintiff or by the ruling of a court and has become final by virtue of the failure of the plaintiff to appeal, the person who files the counterclaim has the right to treat it as separate from the original complaint and may, as in this case, appeal from an adverse ruling such as we find here.

On the merits, we must inquire whether the case as framed calls for a determination of facts and issues so that the ruling of the court on this motion was improper.

▉ The purpose of the judicial inquiry on a summary judgment is to determine whether there are any triable issues of fact. As has often been indicated, the purpose of a summary judgment inquiry is "issue finding," rather than "issue determination." (*Wilson* v. *Bittick*, 63 Cal.2d 30, 35 [45 Cal.Rptr. 31, 403 P.2d 159]; *Towne Development Co.* v. *Lee*, 63 Cal.2d 147, 148 [45 Cal.Rptr. 316, 403 P.2d 724]; *Fugate* v. *Cook*, 236 Cal.App.2d 700, 702 [46 Cal.Rptr. 291]; *Kramer* v. *Barnes*, 212 Cal.App.2d 440, 445 [27 Cal.Rptr. 895]; *Stationers Corp.* v. *Dun & Bradstreet, Inc.*, 62 Cal.2d 412, 417 [42 Cal.Rptr. 449, 398 P.2d 785].)

It follows that if there was one or more triable issues of fact, it is not within the province of a trial judge to determine such issues on a motion for summary judgment and, in such circumstances, the motion should be denied. (*Arnold* v. *Hibernia S. & L. Soc.*, 23 Cal.2d 741, 745 [146 P.2d 684]; *Walsh* v. *Walsh*, 18 Cal.2d 439, 441 [116 P.2d 602]; *Eagle Oil & Ref. Co.* v. *Prentice*, 19 Cal.2d 553, 555-556 [122 P.2d 264]; *Gale* v. *Wood*, 112 Cal.App.2d 650, 653 [247 P.2d 57].) It is an observable tendency on the part of some trial courts today to grant motions for summary judgment in derogation of such a rule. But it was never the purpose of the Legislature or of the upper courts to give preference to summary judgment procedure over the usual methods of trying cases if there are issues of fact to be determined. Summary judgment provisions of law are extremely limited in scope and should never be extended to a substitution for ordinary methods of trial.

▉ It seems apparent upon a comparison of the law of negligence in the operation of automobiles and the facts in this case that the inquiry as to whether or not there was negligence by Mr. Bewley is strictly dependent upon what the findings of fact may prove to be and that the trial court had no authority to make such findings on a motion for summary judgment. This was a case for a jury.

The evidence indicates that Beatty and Bewley had been at a drive-in movie in separate cars before the accident; that Beatty had had mechanical difficulty with his vehicle and had asked Bewley to help him get it started; that Bewley's car pushed the Beatty vehicle in order to start it, and that then both vehicles proceeded along 47th Avenue for approximately a mile, at which point the Beatty vehicle was stopped in the eastbound lane. It has been assumed by some that the car stopped because of mechanical difficulty, but if that be so it is inconsistent with such an assumption of fact that after the collision the Beatty vehicle is said to have started without difficulty. There was within a short distance an open way to the adjoining field which was not used; whether a reasonably prudent person could have used it is open to question.

Bewley was under a duty, both by statute and common law, to operate his vehicle without negligence so as to abstain from injuring any other person or his property. (Civ. Code, § 1708; *Kramer* v. *Barnes, supra,* 212 Cal.App.2d 440, 449.) The Vehicle Code itself, by section 22504, subdivision (a), prohibits stopping, parking or leaving any vehicle standing upon any roadway in an unincorporated area when it is practical to stop off the roadway, and further provides that in any event an unobstructed width of the highway shall be left for the free passage of other vehicles. There is no positive showing that the Bewley vehicle was stopped in an unincorporated area or that it was at that time disabled so as to fall within the exception to the general rule (Veh. Code, § 22504, subd. (b)). In any event, it is a question of fact whether the driver of the Bewley car did all that a reasonably prudent person should have done in order to avoid danger to vehicles approaching from the rear (*Squires* v. *City of Los Angeles,* 100 Cal.App.2d 708, 712 [224 P.2d 774]).

Could the roadway have been wholly or partially freed of the obstruction caused by the Bewley car before the accident through the exercise of ordinary care by Mr. Bewley? Or, otherwise, could Bewley have taken some proper step to warn on-coming traffic of the existing hazard in time to avoid the collision? It seems that this was peculiarly a case which was subject to inquiry by the trier of fact as to the existence of negligence and that it did not subject itself to the cutting of the Gordian knot by the expedient of granting a summary judgment.

The judgment against Riggs on his counterclaim is reversed.

Stone, J., and Gargano, J., concurred.