Filed 9/28/16  Legal Recovery v. Eng CA1/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| LEGAL RECOVERY, LLC,<br><br>            Plaintiff and Respondent,<br><br>v.<br><br>MARTIN LEE ENG,<br><br>            Defendant and Appellant. | A146332<br><br>(San Francisco County<br>Super. Ct. No. CGC-14-542378) |

In this collection action brought on four promissory notes, the trial court granted summary judgment for the plaintiff.  The debtor, defendant Martin Lee Eng, now appeals, contending the court erred in granting summary judgment against him because the plaintiff did not prove as a matter of law that a demand for payment had ever been made.  We affirm.

### BACKGROUND

On October 27, 2014, Plaintiff Legal Recovery, LLC initiated this action against Eng by filing a verified complaint for breach of contract alleging non-payment of four promissory notes that had been assigned to plaintiff for collection, and seeking as damages approximately $1.4 million in principal and accrued interest.  Each note was payable on demand.

The verified complaint alleged in paragraph ten the original lenders "had demanded payment on the notes, but Eng has not paid any sum on the principles or interests [*sic*]" that had accrued, and that the notes "are now due and payable in full."  In his verified answer, Eng responded to paragraph ten as follows: "Defendant denies the

1

allegations set forth in paragraph 10 on the basis that the promissory notes are fraudulent."

Thereafter, plaintiff moved for summary judgment. Eng, representing himself, opposed the motion on four grounds: he contended the notes were fraudulent and he had never entered into them, the action was barred by the statute of limitations, the debt had been discharged by the bankruptcy of his co-defendant,[1] and ethical violations by plaintiff's counsel, who formerly represented Eng too, precluded an action on the notes. Eng filed a separate statement of material facts but no supporting evidence.[2] The trial court granted the motion, and the following day entered judgment against Eng in plaintiff's favor.

After filing unsuccessful post-judgment motions in an effort to set aside the summary judgment ruling, Eng initiated this timely appeal from the judgment.[3]

**DISCUSSION**

Summary judgment is appropriate when "all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) A plaintiff may meet

---

[1] That co-defendant, Lombard Flats, LLC, not a party to this appeal, was alleged to be jointly and severally liable for these debts as Eng's alleged alter ego. After briefing closed, Eng filed a request asking this court to take judicial notice of an order filed in his co-defendant's bankruptcy on March 23, 2016; we deny the request because it fails to address any of the subjects required by rule 8.252, subdivision (a)(2), including "[w]hy the matter to be noticed is relevant to the appeal." (Cal. Rules of Court, rule 8.252(a)(2)(A).)

[2] Later, on the day of the hearing, he filed a request for judicial notice and a declaration.

[3] Although the notice of appeal was filed more than sixty days from the clerk's service of notice of entry of the judgment on July 9, 2015, the deadline to appeal was extended 30 days by Eng's timely notice of intent to move to vacate the judgment which we construe as a valid notice of intention to move for a new trial. (See Cal. Rules of Court, rule 108(b)(1); *Shapiro v. Prudential Property & Casualty Co.* (1997) 52 Cal.App.4th 722, 727–728; *Ramirez v. Moran* (1988) 201 Cal.App.3d 431, 435; *Forman v. Knapp Press* (1985) 173 Cal.App.3d 200, 203.) Eng's September 11, 2015 notice of appeal was filed within that extended deadline.

this burden by "prov[ing] each element of the cause of action entitling the party to judgment on that cause of action." Once the plaintiff does so, "the burden shifts to the defendant . . . to show that a triable issue of one or more material facts exists as to that cause of action or a defense thereto." (*Id*., subd. (p)(1).) In moving for summary judgment, a plaintiff is not required to disprove any affirmative defense asserted by the defendant. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 853.) Our review of the summary judgment ruling is de novo, and is based upon "all of the evidence the parties offered in connection with the motion (except that which the court properly excluded) and the uncontradicted inferences the evidence reasonably supports." (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476.)

Eng's sole argument on appeal is the summary judgment ruling should be reversed because there was no evidence that any demand had been made on the notes, and so plaintiff failed even to meet its initial burden on summary judgment as the moving party or, at a minimum, there was a disputed factual issue on this material point. We disagree, for two reasons.

First, Eng didn't oppose summary judgment on this basis. So the demand issue was forfeited and we need not consider it on appeal. (See *Ochoa v. Pacific Gas & Electric Co.* (1998) 61 Cal.App.4th 1480, 1488, fn. 3 (*Ochoa*).) Indeed, in ruling on the new trial motion where the issue *was* belatedly raised, the trial court specifically noted, "that at the summary judgment hearing, defendant never argued that a demand was lacking."

Eng acknowledges his failure to raise this issue in opposition to the summary judgment motion, but argues that is of no moment because the moving papers themselves failed to make a prima facie showing on this issue and so the burden on summary judgment never shifted to him to raise a triable issue of fact about it. But this confuses the substantive standards governing summary judgment (addressed in the authorities he

cites and discusses)[4] with the principles governing appellate review. One such principle that "is axiomatic [is] that arguments not asserted below are waived and will not be considered for the first time on appeal." (*Ochoa*, *supra*, 61 Cal.App.4th at p. 1488, fn. 3.) Indeed, Eng himself cites authority applying these principles in the very procedural posture we have here. *Jacobs v. Retail Clerks Union, Local 1222* (1975) 49 Cal.App.3d 959 held that an issue that had not been "raised or even hinted at, when the trial court ruled on the motion for summary judgment" but only "surfaced for the first time on the motion for new trial," had not been properly raised in the trial court and the appellate court declined to consider it, just as we do here. (*Id*. at pp. 966–967.)

Second, even had the issue not been forfeited, plaintiff was not required to make a prima facie showing of a demand for payment in moving for summary judgment because it was not a material fact at issue in the case.[5] The complaint was verified and, in his answer, Eng did not specifically deny paragraph ten's allegation of a payment demand. He merely denied *all* paragraph ten allegations "on the basis that the promissory notes are fraudulent." So the demand allegation was deemed admitted. (See Code Civ. Proc., § 431.30, subd. (d) [verified complaint on cause of action assigned to a third party for collection requires "the denial of the allegations [to] be made positively or according to the information and belief of the defendant"]; § 431.20, subd. (a) ["Every material allegation of the complaint or cross-complaint, not controverted by the answer, shall, for the purposes of the action, be taken as true"]; see also, e.g., *Kline v. Barkett* (1945) 68 Cal.App.2d 765, 771–773.) The effect was twofold: "first, to relieve the plaintiff . . . from the necessity of offering evidence to support the allegation . . . and, second, to preclude the defendant . . . from offering evidence to challenge it." (*Hennefer v. Butcher* (1986) 182 Cal.App.3d 492, 505; see also 5 Witkin, Cal. Procedure (5th ed. 2012)

---

[4] See *Teselle v. McLoughlin* (2009) 173 Cal.App.4th 156, 160; *Brantley v. Pisaro* (1996) 42 Cal.App.4th 1591, 1601–1602; *Rincon v. Burbank Unified Sch. Dist.* (1986) 178 Cal.App.3d 949, 955; *De Echeguren v. De Echeguren* (1962) 210 Cal.App.2d 141, 147; *Dorsey v. City of Los Angeles* (1955) 132 Cal.App.2d 716, 719.

[5] We requested supplemental briefing concerning this alternate basis upon which we affirm the grant of summary judgment. (See Code Civ. Proc., § 473c, subd. (m)(2).)

4

Pleading, § 1050, p. 492 (Witkin).)  This meant the plaintiff had no need to prove a demand in making its motion.  "The moving party's burden on a motion for summary judgment is only to negate the existence of triable issues of fact in a fashion that entitles him to judgment *on the issues raised by the pleadings . . . .*"  (*Joseph E. Di Loreto, Inc. v. O'Neill* (1991) 1 Cal.App.4th 149, 156, italics added.)

In response to our request for supplemental briefing on this point, Eng argues his denial *was* sufficient to deny the allegation of a payment demand.  He maintains that raising the issue of fraud as an affirmative defense was "inconsistent" with the allegation of a demand for payment, and thus sufficed as a denial of that allegation.  As Eng puts it, his denial on the basis of fraud was sufficient to "minimally advise plaintiff that defendant was denying all allegations in paragraph 10 pertaining to plaintiff's case in chief, including that Assignors had made demand."  Of the nearly dozen cases Eng cites in his supplemental brief, though, none support this construction of his answer, and we disagree with it.  At most, the fraud allegation amounted to a denial only that an enforceable contract had been formed; not a denial the plaintiff had demanded payment on it.  (Cf. *In re Kyle* (1947) 77 Cal.App.2d 634, 640 [allegation in return that child was not living with petitioner in specified county "is not a denial that [child] was living in that county, but only a denial that she was living *with petitioner* in that county"].)  And, indeed, where a complaint is verified, "The strict form of specific denial requires a step-by-step restatement and denial of each allegation of the complaint to be controverted.  Each material allegation of the complaint should be denied or admitted (expressly or by silence), and *denials should be explicit and unequivocal.*"  (5 Witkin, *supra*, Pleading, § 1061, pp. 498–499, italics added.)

Eng also argues that under *FPI Development, Inc. v. Nakashima* (1991) 231 Cal.App.3d 367, the plaintiff here "waived any objection to any ambiguity or any legal conclusion in the answer which may have failed to raise defendant's denial to plaintiff's allegation of demand."  But the pleadings in *FPI* weren't verified.  In addition, this argument presupposes an ambiguity in the answer but there was none.  There was simply a total failure to deny the allegation of a demand.  *FPI* doesn't address that

5

problem. It simply permits the consideration of evidence proffered in opposition to a plaintiff's summary judgment motion that's technically outside the literal four corners of the (unverified) pleadings in certain situations "[i]f the answer has made out some intelligible but defectively pled claim," but only if the evidence is "plausibly connected" to that defectively pled claim. (*Id.* at pp. 382–383.) There's no "plausible" connection here between the demand issue and Eng's fraud allegation.

Finally, shifting gears, Eng argues that the complaint's allegation that a demand had been made was merely a "conclusion of law" that "did not and does not require a denial from defendant and did not operate as an admission." The contention is based on irrelevant authority concerning allegations regarding title to property. (*Kidwell v. Keller* (1905) 146 Cal. 12, 17–18.) Furthermore, it is at odds with the entire premise of Eng's appeal: that there was insufficient proof as a *factual* matter that a proper demand had been made, precluding summary judgment.

Because the sufficiency of plaintiff's evidentiary showing on the demand issue was both forfeited and legally irrelevant, we do not address Eng's arguments on appeal concerning that evidence.

### DISPOSITION

The judgment is affirmed.

_____

STEWART, J.

We concur.

_____

KLINE, P.J.

_____

RICHMAN, J.

*Legal Recovery LLC v. Eng* (A146332)