[No. C056463. Third Dist. Apr. 22, 2008.]

SAN JOAQUIN COUNTY LOCAL AGENCY FORMATION
COMMISSION, Petitioner, v.
THE SUPERIOR COURT OF SAN JOAQUIN COUNTY, Respondent;
SOUTH SAN JOAQUIN IRRIGATION DISTRICT, Real Party in Interest,
PACIFIC GAS AND ELECTRIC COMPANY, Intervener.

**COUNSEL**

Neumiller & Beardslee, Michael F. McGrew and Daniel J. Schroeder for Petitioner.

No appearance for Respondent.

Davis Wright Tremaine, Martin L. Fineman, Rochelle L. Wilcox and Salle E. Yoo for Real Party in Interest.

Manatt, Phelps & Phillips, Michael M. Berger, George M. Soneff and Benjamin G. Shatz for Intervener.

## OPINION

**MORRISON, J.**—This case presents the issue of whether a disappointed applicant to a local agency formation commission can take the depositions of the commissioners to learn what extra-record information the commissioners had when they denied the application and what additional information they needed to approve the application. Because extra-record evidence is not admissible in an action or proceeding challenging a quasi-legislative administrative decision and because the discovery permitted in this case would violate the deliberative process privilege, we hold such depositions cannot be taken.

After San Joaquin County (County) Local Agency Formation Commission (SJ LAFCO) denied the application of the South San Joaquin Irrigation District (District) for approval to provide retail electric service, the District filed suit against SJ LAFCO and noticed the taking of depositions of certain SJ LAFCO commissioners and the executive officer. SJ LAFCO moved for a protective order to prevent the taking of depositions, contending discovery was not permitted because review of an administrative agency action was limited to the administrative record and questioning the commissioners about their decision violated the deliberative process privilege. The superior court adopted the referee's ruling to grant only partially SJ LAFCO's motion for a protective order. SJ LAFCO petitions for a writ of mandate directing the superior court to vacate its order adopting the referee's recommended ruling and to enter a new order granting SJ LAFCO's motion for a protective order in its entirety. We issue the writ.

## BACKGROUND

The District is a special district formed in 1909 pursuant to the Wright-Bridgeford Act, the predecessor to Water Code section 20500 et seq. The District provides irrigation water service and, through its ownership interest in hydroelectric generating facilities, wholesale electric generation and electricity marketing services.

The District has an ownership interest in the Tri-Dam Project, a series of three hydroelectric generation plants on the Stanislaus River. A new five-year

power sales agreement with Pacific Gas and Electric Company (PG&E), effective January 1, 2005, provided the District with more revenue from the Tri-Dam Project than its allocated portion of the costs. In 2005, the District developed a plan to provide retail electric service within its existing service territory. The District's plan included the acquisition of PG&E's existing distribution facilities either through purchase or eminent domain. PG&E opposed the District's plan.

The District submitted a justification for proposal (the Application) to SJ LAFCO for approval to proceed with its plan to provide retail electric service.[1] In June 2005, SJ LAFCO certified the Application as complete.

The County prepared an environmental impact report for the project to provide retail electric service, concluding there would be no significant impacts on the environment. The California Public Utilities Commission analyzed the plan and concluded it would not substantially impair PG&E's ability to provide adequate service at a reasonable rate.

In May 2006, SJ LAFCO held a workshop on the District's Application. PG&E opposed the Application as "an abuse of eminent domain." Several SJ LAFCO commissioners expressed concern about the possible use of eminent domain. SJ LAFCO staff recommended approving the Application.

In June 2006, SJ LAFCO held a formal hearing on the Application. Counsel for SJ LAFCO advised the commissioners they were not to consider the eminent domain issue; SJ LAFCO did not have jurisdiction to condition approval on the exercise or nonexercise of eminent domain. Nonetheless, several speakers addressed the issue of eminent domain. PG&E opposed the Application, contending the District had not demonstrated its ability to provide retail electric service and the plan was not an appropriate use of eminent domain.

A motion to oppose the staff recommendation and deny the Application was passed by a vote of four to one. In proposing the motion, Commissioner Gary Giovanetti stated the staff recommendation was based solely on information provided by the District and he would like to see an independent study performed. The proposal was to acquire PG&E's distribution system and PG&E was not a willing seller. "I'm convinced that it will end up being an eminent domain issue." Commissioner Victor Mow, Chairman Jack

---

[1] The District now contends that LAFCO approval was unnecessary. That claim is the subject of a separate writ petition, *South San Joaquin Irrigation Dist. v. Superior Court* (2008) 162 Cal.App.4th 146 [76 Cal.Rptr.3d 104].

Sieglock and Commissioner Steven Nilssen stated there was a lack of sufficient information to prove the case as required by Government Code section 56824.12.[2]

About three months after the hearing, SJ LAFCO adopted a resolution stating the Application "is denied on the basis that the Applicant did not demonstrate its administrative, technical, and financial capabilities to provide retail electrical service to the satisfaction of the Commission pursuant to the requirements of Government Code section 56824.12."

Before this resolution was filed, the District filed suit against SJ LAFCO, stating four claims for relief. It sought declaratory relief as to whether it had the right to provide retail electric service without the approval of SJ LAFCO. A claim for inverse condemnation sought compensation for the taking of the District's right to provide retail electric service. The District sought a writ of administrative mandamus, claiming SJ LAFCO's decision was a prejudicial abuse of discretion that was not supported by substantial evidence. Finally, the District petitioned for a writ of mandate because the decision to deny the District's Application was based on concerns regarding eminent domain and was not supported by substantial evidence.

---

[2] Government Code section 56824.12 provides: "(a) A proposal by a special district to provide a new or different function or class of services within its jurisdictional boundaries shall be made by the adoption of a resolution of application by the legislative body of the special district and shall include all of the matters specified for a petition in Section 56700, and be submitted with a plan for services prepared pursuant to Section 56653. The plan for services for purposes of this article shall also include all of the following information:

"(1) The total estimated cost to provide the new or different function or class of services within the special district's jurisdictional boundaries.

"(2) The estimated cost of the new or different function or class of services to customers within the special district's jurisdictional boundaries. The estimated costs may be identified by customer class.

"(3) An identification of existing providers, if any, of the new or different function or class of services proposed to be provided and the potential fiscal impact to the customers of those existing providers.

"(4) A plan for financing the establishment of the new or different function or class of services within the special district's jurisdictional boundaries.

"(5) Alternatives for the establishment of the new or different functions or class of services within the special district's jurisdictional boundaries.

"(b) The clerk of the legislative body adopting a resolution of application shall file a certified copy of that resolution with the executive officer. Except as provided in subdivision (c), the commission shall process resolutions of application adopted pursuant to this article in accordance with Section 56824.14.

"(c)(1) Prior to submitting a resolution of application pursuant to this article to the commission, the legislative body of the special district shall conduct a public hearing on the resolution. Notice of the hearing shall be published pursuant to Sections 56153 and 56154.

"(2) Any affected local agency, affected county, or any interested person who wishes to appear at the hearing shall be given an opportunity to provide oral or written testimony on the resolution."

PG&E moved to intervene.

The District gave notice of the taking of depositions of Jack Sieglock and Gary Giovanetti, SJ LAFCO commissioners. The deposition of Bruce Baracco, the executive officer of SJ LAFCO, was added.

SJ LAFCO moved for a protective order to prevent the taking of these depositions. SJ LAFCO argued no discovery was permissible in a mandamus case because review was limited to the administrative record. Further, questioning the commissioners about their decision violated the deliberative process privilege.

A referee was appointed to hear the discovery matters.

The referee recommended partially granting the protective order, limiting the depositions of Sieglock, Giovanetti and Baracco "to all unprivileged information that the deponents had prior to June 16, 2006, including information obtained from third parties (including but not limited to PG&E), and what additional information the Commissioner deponents needed to recommend adoption of the staff recommendation to approve the project." Objections could be made based on the deliberative process privilege.

Both SJ LAFCO and PG&E objected to the referee's recommendation.

The trial court adopted the referee's recommended ruling. SJ LAFCO petitioned for a writ of mandate or prohibition. This court issued an alternative writ.

## DISCUSSION

■ Preliminarily, we note that discovery orders are generally not reviewed by prerogative writ. (*Sav-On Drugs, Inc. v. Superior Court* (1975) 15 Cal.3d 1, 5 [123 Cal.Rptr. 283, 538 P.2d 739].) There is an exception, however, when the petitioner contends that compelling an answer would violate a privilege. (*Ibid.*) Here, SJ LAFCO contends that compelling the commissioners and executive officer to answer questions posed in the deposition would violate the deliberative process privilege. Accordingly, we consider the merits of the discovery order.

■ The discovery order pertained to a lawsuit challenging a decision of SJ LAFCO denying the District's proposal to provide a new class of services, retail electric service, pursuant to Government Code section 56824.12. " 'LAFCOs have been described as watchdogs, guarding "against the wasteful duplication of services that results from indiscriminate formation of new

local agencies or haphazard annexation of territory to existing local agencies." [Citation.]' " (*Placer County Local Agency Formation Com. v. Nevada County Local Agency Formation Com.* (2006) 135 Cal.App.4th 793, 798 [37 Cal.Rptr.3d 729].) SJ LAFCO is a quasi-legislative administrative agency. (*San Miguel Consolidated Fire Protection Dist. v. Davis* (1994) 25 Cal.App.4th 134, 152 [30 Cal.Rptr.2d 343]; *Morgan v. Community Redevelopment Agency* (1991) 231 Cal.App.3d 243, 260 [284 Cal.Rptr. 745].) Its proceedings are "quasi-legislative in nature" and its "decisions are reviewed by ordinary mandamus rather than administrative mandamus." (*San Miguel Consolidated Fire Protection Dist. v. Davis, supra,* at p. 152.)

■ "An unbroken line of cases holds that, in traditional mandamus actions challenging quasi-legislative administrative decisions, evidence outside the administrative record (extra-record evidence) is not admissible. [Citations.]" (*Carrancho v. California Air Resources Board* (2003) 111 Cal.App.4th 1255, 1269 [4 Cal.Rptr.3d 536].) "[E]xtra-record evidence is generally not admissible in traditional mandamus actions challenging quasi-legislative administrative decisions . . . ." (*Western States Petroleum Assn. v. Superior Court* (1995) 9 Cal.4th 559, 576 [38 Cal.Rptr.2d 139, 888 P.2d 1268] (*Western States*).)

Limiting review to the administrative record is appropriate due to the scope of review. An action or proceeding to attack a determination of SJ LAFCO extends "only to whether there was fraud or a prejudicial abuse of discretion. Prejudicial abuse of discretion is established if the court finds that the determination or decision is not supported by substantial evidence in light of the whole record." (Gov. Code, § 56107, subd. (c).) This substantial evidence review is purely a question of law and is limited to the administrative record. (*Western States, supra,* 9 Cal.4th at pp. 570–571.)

■ Permitting the admission of extra-record evidence would also infringe upon the separation of powers. The Legislature has delegated quasi-legislative authority to SJ LAFCO under the Cortese-Knox-Hertzberg Local Government Reorganization Act of 2000. (Gov. Code, § 56000 et seq.) Excessive judicial interference with SJ LAFCO's "quasi-legislative actions would conflict with the well-settled principle that the legislative branch is entitled to deference from the courts because of the constitutional separation of powers. [Citations.]" (*Western States, supra,* 9 Cal.4th at p. 572.)

■ Discovery is intended to produce or lead to the discovery of admissible evidence. (Code Civ. Proc., § 2017.010.) Since extra-record evidence is generally not admissible in an action or proceeding to challenge a decision of SJ LAFCO, discovery is usually not necessary.

The District contends its discovery request falls within an exception permitted by *Western States, supra,* 9 Cal.4th 559. In *Western States,* the court identified an exception that was "to be very narrowly construed. Extra-record evidence is admissible under this exception only in those rare instances in which (1) the evidence in question existed *before* the agency made its decision, and (2) it was not possible in the exercise of reasonable diligence to present this evidence to the agency *before* the decision was made so that it could be considered and included in the administrative record." (*Id.* at p. 578, original italics.)

This exception applies to evidence the applicant or opponent had, but was unable to present to the agency for some reason despite the exercise of reasonable diligence. The District contends this exception applies because it asserts it was held to a standard it did not know existed. The commissioners required additional information, but did not tell the District what that information was. The District construes the commissioners' remarks that they needed more information to approve the Application as invocation of a secret law or unwritten rules that were not disclosed to the District.

█ The lower court's discovery order permits depositions limited to "all unprivileged information that the deponents had prior to June 16, 2006, . . . and what additional information the Commissioner deponents needed to recommend adoption of the staff recommendation to approve the project." The information sought does not fall within the exception noted in *Western States, supra,* 9 Cal.4th 559.

The first category of discovery does not disclose any purported secret law applied by SJ LAFCO. Rather, the District suggests SJ LAFCO relied on information not in the administrative record in making its decision. If so, its decision will not be supported "by substantial evidence in light of the whole record." (Gov. Code, § 56107, subd. (c).)

█ The second category of information asks what more is needed to change the commissioners' minds about the Application. Government Code section 56824.12 sets forth the necessary information for an Application, including information about costs and a plan for financing the establishment of the new class of services. Section 56824.12 does not set a threshold of information for approval; rather, SJ LAFCO is faced with a policy decision. The commissioners voting against the Application stated they found the information insufficient to carry the District's burden. A resolution stated the Application was denied for failure to satisfactorily demonstrate "administrative, technical, and financial capabilities."

It is speculative that any additional information necessary to obtain approval existed, but, in the exercise of reasonable diligence, was unable to be

presented to SJ LAFCO. While the District argues there is some secret category of information it did not know was needed, we read the commissioners' remarks as simply stating they were not persuaded by the District's proposal. The denial was on the merits. If the District had a stronger case to make, reasonable diligence required the District to make that case at the hearing.

 The District contends another exception to the rule of no extra-record evidence applies. In *Western States*, the court outlined only one narrow exception to the rule of no extra-record evidence. It left open the possibility, however, that there might be other exceptions. "[W]e do not foreclose the possibility that extra-record evidence may be admissible in traditional mandamus actions challenging quasi-legislative administrative decisions under unusual circumstances or for very limited purposes not presented in the case now before us." (*Western States, supra*, 9 Cal.4th at p. 578.) The court cited to *Asarco, Inc. v. U. S. E. P. A.* (9th Cir. 1980) 616 F.2d 1153, 1160, which stated extra-record evidence might be admissible for background information or for the limited purpose of ascertaining whether the agency considered all relevant factors or fully explicated its decision. The *Western States* court also noted that commentators had proposed several exceptions for evidence relevant to issues such as standing and capacity to sue, affirmative defenses, accuracy of the administrative record, procedural unfairness and agency misconduct. (*Western States, supra*, 9 Cal.4th at pp. 575–576, fn. 5.) The court made clear, however, "extra-record evidence can never be admitted merely to contradict the evidence the administrative agency relied on in making a quasi-legislative decision or to raise a question regarding the wisdom of that decision." (*Id.* at p. 579.)

The District contends the exception for procedural unfairness applies because SJ LAFCO applied secret standards to the Application. As discussed above, the District has failed to show secret standards were applied to its Application. SJ LAFCO denied the proposal on its merits; permitting disappointed applicants to inquire as what further showing was necessary would result in unending cases and impede upon the separation of powers and the deference accorded quasi-legislative decisions. (*Western States, supra*, 9 Cal.4th at p. 572.)

The District contends the exception for agency misconduct applies because the commissioners were influenced by their bias against the exercise of eminent domain. In moving to deny the request, Commissioner Giovanetti stated he was convinced it would be an eminent domain issue. Chairman Sieglock agreed with the comments about eminent domain. All of the commissioners voting to deny the Application, however, also stated they did not believe the District had provided sufficient information about the financial

aspects of the proposal. Commissioner Giovanetti was concerned about relying solely on the District's information. Commissioner Mow found the documents supporting the financial analysis insufficient to substantiate the analysis. Chairman Sieglock found a lack of information to address the terms of Government Code section 56824.12 and Commissioner Nilssen found insufficient information on the total estimated costs.

Assuming that extra-record evidence would be admissible to show agency misconduct, the District has failed to make a sufficient showing. In *Cadiz Land Co. v. Rail Cycle* (2000) 83 Cal.App.4th 74 [99 Cal.Rptr.2d 378], a company challenged approval of a landfill project. It sought discovery to show the approval was illicitly influenced by the project proponent. In particular, it sought to depose a man in prison about his illegal activities in regard to the landfill project. The trial court denied the discovery request and the appellate court affirmed. It found that since there was no personal knowledge of the alleged illicit acts, "the trial court could reasonably find that Cadiz failed to establish that the requested depositions were reasonably calculated to lead to admissible evidence of agency misconduct." (*Id.* at p. 123.) The District has made a lesser showing of misconduct here. While the issue of eminent domain was mentioned, all of the commissioners voting against the Application cited a legitimate reason—the lack of information—as the reason for their vote.[3] The District has not established any exception to the rule of *Western States, supra,* 9 Cal.4th 559, that extra-record evidence is inadmissible.

█ In any event, even if an exception to *Western States, supra,* 9 Cal.4th 559, was established, the information sought under the discovery order falls under the deliberative process privilege. "Under the deliberative process privilege, senior officials of all three branches of government enjoy a qualified, limited privilege not to disclose or to be examined concerning not only the mental processes by which a given decision was reached, but the substance of conversations, discussions, debates, deliberations and like materials reflecting advice, opinions, and recommendations by which government policy is processed and formulated." (*Regents of University of California v. Superior Court* (1999) 20 Cal.4th 509, 540 [85 Cal.Rptr.2d 257, 976 P.2d 808].) The privilege rests on the policy of protecting the " ' "decision making processes of government agencies." ' " (*Id.* at p. 541.) "The key question in every case is 'whether the disclosure of materials would expose an agency's

---

[3] The District makes much of the fact that the resolution denying the Application was not adopted until after the District filed suit, contending the reasons set forth in the resolution are pretextual. The resolution states the Application was denied "on the basis that the Applicant did not demonstrate its administrative, technical, and financial capabilities to provide retail electrical service to the satisfaction of the Commission pursuant to the requirements of Government Code Section 56824.12." We find the resolution consistent with, albeit more articulate than, the reasons given at the hearing.

decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions.' [Citation.]" (*Times Mirror Co. v. Superior Court* (1991) 53 Cal.3d 1325, 1342 [283 Cal.Rptr. 893, 813 P.2d 240].)

■ In *City of Fairfield v. Superior Court* (1975) 14 Cal.3d 768 [122 Cal.Rptr. 543, 537 P.2d 375], applicants who had been denied a permit for a planned unit shopping center development sought a writ of mandate. They sought to depose the two legislators as to the evidence they relied on in voting against the application, and they sought to obtain extrinsic evidence showing that the legislators had stated their opposition to the application prior to the public hearing on the application. After the trial court ordered the council members to answer, the city sought a writ of prohibition. In granting the writ, the Supreme Court explained that the applicants could not question the council members on the evidence they relied on or the reasoning they employed in voting against the application.[4] (*Fairfield*, at pp. 777–779.) The rule prohibiting inquiry into thought processes applies to local legislators such as SJ LAFCO. (*Oxnard Harbor Dist. v. Local Agency Formation Com.* (1993) 16 Cal.App.4th 259, 271 [19 Cal.Rptr.2d 819].)

Prohibiting inquiry into thought processes of SJ LAFCO commissioners exercising quasi-legislative powers comports with the separation of powers. In an ordinary mandamus review of a legislative or quasi-legislative decision, courts decline to inquire into thought processes or motives, but evaluate the decision on its face because legislative discretion is not subject to judicial control and supervision. (*Mike Moore's 24-Hour Towing v. City of San Diego* (1996) 45 Cal.App.4th 1294, 1305 [53 Cal.Rptr.2d 355].)

■ Nor can the District obtain this information by casting it as an inquiry into procedural irregularities. In *City of Santa Cruz v. Superior Court* (1995) 40 Cal.App.4th 1146 [48 Cal.Rptr.2d 216], a developer challenged adoption of a general plan and sought to depose councilmen as to whether there was an agreement to refuse to consider any zoning for greenbelt

---

[4] The *Fairfield* court noted a federal exception permits examination of high level decision-making administrators regarding their deliberations where there is an inadequate record to explain the decision. (*City of Fairfield v. Superior Court, supra*, 14 Cal.3d at pp. 777–779, citing to *Citizens to Preserve Overton Park v. Volpe* (1971) 401 U.S. 402 [28 L.Ed.2d 136, 91 S.Ct. 814].) The remedy in California, however, is not to depose officials, but to require an adequate record for review. (*Fairfield, supra*, at p. 779.) The proceeding in *Fairfield* was administrative mandamus under Code of Civil Procedure section 1094.5, which requires formal findings. (*Fairfield*, at p. 778.) LAFCO decisions do not require formal findings, but do require a statement of basis sufficient for judicial review of the decision. (*McBail & Co. v. Solano County Local Agency Formation Com.* (1998) 62 Cal.App.4th 1223, 1227 [72 Cal.Rptr.2d 923]; see also *California Hotel & Motel Assn. v. Industrial Welfare Com.* (1979) 25 Cal.3d 200 [157 Cal.Rptr. 840, 599 P.2d 31] [discussing statement of basis].)

properties other than agricultural regardless of the evidence presented. The developer argued it sought inquiry only into the approval process, not thoughts and motivations. The court disagreed. It found the inquiry "relates to the substance of the legislators' decision, which was to reserve the greenbelt properties for agricultural purposes only, and to when the legislators arrived at their decision." (*Id.* at p. 1156.) Such inquiry was forbidden. (*Id.* at p. 1157.)

The District does not address the issue of privilege; instead, it argues SJ LAFCO's writ petition is premature. The District argues that because the discovery order requires disclosure of only unprivileged information, an actual dispute may never arise. The District contends SJ LAFCO has not shown an abuse of discretion in the discovery order. We disagree.

A trial court discovery order is reviewed under the abuse of discretion standard. (*Cadiz Land Co. v. Rail Cycle, supra*, 83 Cal.App.4th at p. 117.) "The scope of discretion always resides in the particular law being applied, i.e., in the 'legal principles governing the subject of [the] action . . . .' Action that transgresses the confines of the applicable principles of law is outside the scope of discretion and we call such action an 'abuse' of discretion. [Citation.]" (*City of Sacramento v. Drew* (1989) 207 Cal.App.3d 1287, 1297 [255 Cal.Rptr. 704].) Here the discovery order transgresses the confines of *Western States, supra*, 9 Cal.4th 559; it permits discovery of matters that are not admissible in a challenge to a quasi-legislative decision.

Further, the discovery order violates the deliberative process privilege. The District contends the information sought here is distinguishable from that in *City of Fairfield v. Superior Court, supra*, 14 Cal.3d 768. There the disappointed applicant sought discovery of the evidence examined and relied upon by the commission and its reasoning process in rejecting the application. (*Id.* at p. 773.) The same is sought here. The District seeks what information SJ LAFCO had when it made the decision and what information was necessary to change the minds of the commissioners.

The discovery order requires the deponents to provide information that is not admissible under *Western States, supra*, 9 Cal.4th 559, because it is extra-record evidence and is privileged because it goes to the decisionmaking process of the commissioners. Permitting such discovery was an abuse of discretion.

## DISPOSITION

A peremptory writ of mandate or prohibition will issue directing the superior court to vacate its order permitting the depositions of Chairman Jack

Sieglock, Commissioners Gary Giovanetti and Bruce Baracco, and to enter a new order granting SJ LAFCO's motion for a protective order in its entirety. The alternative writ is discharged. SJ LAFCO is awarded costs. (Cal. Rules of Court, rule 8.490(m)(1).)