Filed 2/7/22  Shabahang v. Sechrist CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| SHAHROKH SHABAHANG, | |
| Plaintiff and Respondent, | E074744 |
| v. | (Super.Ct.No. CIVDS1831323) |
| CHRISTOPHER SECHRIST, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Elia V. Pirozzi, Judge.  As to the appeal, Affirmed.  As to the Petition for Writ of Mandate, Denied.

Christopher M. Sechrist, in pro. per., for Defendant and Appellant.

Homan & Stone, Gene S. Stone, Eric M. Hokana and Jason M. Pemstein, for Plaintiff and Respondent.

1

# I. INTRODUCTION

Plaintiff and respondent, Shahrokh Shabahang, and defendant and appellant, Christopher Sechrist, were partners in a dentistry practice. In November 2018, plaintiff filed a civil action against defendant for dissolution of partnership, breach of contract, breach of covenant of good faith and fair dealing, accounting, and fraud. Initially, defendant responded to the complaint by filing an answer and a cross-complaint, asserting his own claims against plaintiff as well as against numerous other named cross-defendants. On September 25, 2019, defendant also filed a motion seeking dismissal of the complaint as a strategic lawsuit against public participation (SLAPP) pursuant to Code of Civil Procedure[1] section 425.16 (anti-SLAPP motion). The trial court denied defendant's anti-SLAPP motion, and defendant appeals from that order.

While defendant's appeal was pending, plaintiff filed an amended complaint and propounded written discovery. When defendant failed to respond, the trial court granted motions to compel and issued monetary sanctions against defendant for his failure to respond. In response, defendant filed a petition seeking a writ of supersedeas to stay any further trial court proceedings and a writ of mandate to vacate various trial court orders, ostensibly for the purpose of returning the trial court proceedings to the state they had been on the date defendant filed his notice of appeal.

On March 25, 2021, this court granted defendant's request for a writ of supersedeas and ordered the proceedings stayed until resolution of defendant's appeal

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

and issuance of the remittitur. However, we reserved determination of the request for a writ of mandate to be considered with the merits of defendant's appeal.

We conclude that the appeal must be resolved against defendant, and the trial court's order denying his anti-SLAPP motion should be affirmed. As we explain, defendant forfeited any claims of error by failing to present any reasoned argument on appeal, and our independent review of the record reveals no error warranting reversal of the trial court's order. Additionally, we conclude that defendant has failed to meet his burden to show entitlement to relief by extraordinary writ and, even if defendant had made such a showing, such a writ would serve no practical purpose at this stage, given our affirmance of the trial court's order on appeal.

## II. FACTS & PROCEDURAL HISTORY

On November 30, 2018, plaintiff filed a civil complaint for damages against defendant. The complaint alleged that plaintiff and defendant had formed a general partnership for the purpose of operating a dental practice. However, the relationship between the partners deteriorated, and plaintiff wished to end the partnership. Plaintiff alleged various reasons for this desire, including: (1) plaintiff had been required to disproportionately contribute toward paying the expenses required to operate the partnership; (2) the inability of the partners to utilize the same insurance network for billing purposes; (3) plaintiff had been required to perform most of the partnership's management responsibilities; (4) defendant made misrepresentations regarding his competence to practice dentistry; and (5) defendant had been accused by other providers of causing injury to patients. Based upon these allegations, plaintiff alleged causes of

3

action for (1) dissolution of partnership, (2) breach of contract, (3) breach of the covenant of good faith and fair dealing, (4) an accounting of the partnership, and (5) fraud.

On April 22, 2019, defendant filed an answer as well as a cross-complaint, asserting his own claims against plaintiff and various other named cross-defendants.[2] On September 25, 2019, defendant filed an anti-SLAPP motion seeking dismissal. With respect to the purported infringement of his free speech rights, defendant argued that plaintiff's lawsuit prevented defendant from filing his own suit against plaintiff; plaintiff's suit somehow caused law enforcement to cease investigation of a complaint made by defendant; and plaintiff's suit caused various government entities to ignore defendant's reports regarding the dispute.

On November 19, 2019, the trial court held a hearing on defendant's motion. The trial court indicated that, after consideration of the moving and opposition papers,[3] defendant had failed to identify any conduct that constituted a matter of public interest such that section 425.16 would be applicable to the facts of the case. The trial court denied defendant's motion on that basis and declined to evaluate plaintiff's likelihood of

---

[2] Specifically, defendant purported to state 28 causes of action, including: financial abuse of a disabled person, undue influence, unfair business practices, breach of fiduciary duty, malicious prosecution, defamation, conversion, wrongful eviction, unjust enrichment, "attorney & client collusion," intentional infliction of emotional distress, intentional interference with prospective economic advantage, intentional nuisance, "RICO" fraud, conspiracy to commit fraud, discrimination, civil rights violations, breach of contract, dissolution, and accounting.

[3] Defendant apparently filed an untimely reply brief with additional submissions the day of the hearing, but the trial court declined to review these documents.

prevailing on the merits.  Defendant appeals from the order denying his anti-SLAPP motion.

On February 3, 2021, defendant sought a writ of supersedeas seeking to stay the civil proceedings during the pendency of his appeal and further sought a writ of mandate seeking to vacate all trial court orders issued since the date he filed a notice of appeal. On March 25, 2021, this court granted defendant's request for a writ of supersedeas and ordered the proceedings stayed until issuance of the remittitur, but we reserved determination of defendant's request for a writ of mandate to be resolved with the appeal.

III.  DISCUSSION

A. *We Affirm the Trial Court's Order Denying Defendant's Anti-SLAPP Motion*

Initially, we address defendant's appeal from the order denying his anti-SLAPP motion.  We conclude defendant has forfeited any claim of error by failing to present a reasoned argument on appeal.  Further, our independent review of the record discloses no error, and we affirm the trial court's order.

1.  General Legal Principles and Standard of Review

" 'Code of Civil Procedure section 425.16 sets out a procedure for striking complaints in harassing lawsuits that are commonly known as SLAPP suits . . . , which are brought to challenge the exercise of constitutionally protected free speech rights.' [Citation.]  A cause of action arising from a person's act in furtherance of the 'right of petition or free speech under the [federal or state] Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability' that the claim will prevail.

5

[Citation.] . . . 'Resolution of an anti-SLAPP motion involves two steps. First, the defendant must establish that the challenged claim arises from activity protected by section 425.16. [Citation.] If the defendant makes the required showing, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success.' " (*Sweetwater Union High School Dist. v. Gilbane Building Co.* (2019) 6 Cal.5th 931, 940 (*Sweetwater*).)

" 'We review de novo the grant or denial of an anti-SLAPP motion.' " (*Sweetwater*, 6 Cal.5th at p. 940; see *Spencer v. Mowat* (2020) 46 Cal.App.5th 1024, 1036.) "We exercise independent judgment in determining whether, based on our own review of the record, the challenged claims arise from protected activity." (*Spencer*, at p. 1036.)

2. Defendant Has Forfeited Any Claim of Error by Failing To Present a Reasoned Argument on Appeal

" '[T]he burden is on an appellant to demonstrate, *on the basis of the record presented to the appellate court*, that the trial court committed an error that justifies reversal.' [Citations.] Where an appellant fails to present argument or legal authority, he or she forfeits appellate consideration of the issue." (*Kinsella v. Kinsella* (2020) 45 Cal.App.5th 442, 464.) Moreover, it is not sufficient simply to claim error, where such claims are not supported by any reasoned argument. When an appellant " ' " 'asserts [a point] but fails to support it with reasoned argument and citations to authority, we treat the point as waived.' " [Citation.] "We are not bound to develop appellants' arguments for them. [Citation.] The absence of a cogent legal argument or

6

citation to authority allows this court to treat the contention as waived." ' "  (*Orange County Water Dist. v. Alcoa Global Fasteners*, *Inc.* (2017) 12 Cal.App.5th 252, 360.)

Here, defendant asserts the trial court erred in concluding that plaintiff's claims did not arise from protected activity.  The precise nature of the alleged error is unclear from defendant's briefs on appeal.  However, we observe that the trial court conducted only the first step of the traditional analysis on an anti-SLAPP motion, concluded that defendant failed to establish that plaintiff's complaint involved protected activity, and denied defendant's motion on this ground.  Thus, any alleged error must necessarily involve this initial conclusion by the trial court.

In defendant's words, with respect to "step one of the anti-SLAPP procedure," the trial court's conclusion was erroneous because (1) defendant is entitled to various statutory protections afforded by the Medical Injury Compensation Reform Act (MICRA); (2) any litigation regarding defendant's professional qualifications must be resolved in administrative procedures outlined in Business and Professions Code section 805; (3) defendant is entitled to pursue independent claims against plaintiff for alleged "illegal conduct"; and (4) the complaint violates defendant's privacy rights by subjecting defendant to discovery.  None of these arguments address the central question of whether plaintiff's complaint arises from defendant's exercise of protected activity within the meaning of section 425.16.

Further, while we disagree with defendant's assertions regarding the applicability of these various statutory provisions and defenses, we need not discuss these matters in detail.  Even assuming for the sake of argument that defendant is entitled to procedural or

7

substantive defenses under MICRA or the Business and Professions Code, entitled to assert his own affirmative claims against plaintiff, or entitled to protection from the discovery provisions of the Code of Civil Procedure, these matters are simply not relevant and do not tend to show that plaintiff's complaint arises from defendant's exercise of protected activity.[4] In the absence of a cogent argument on appeal, defendant's claim of error has been forfeited, and we may affirm the trial court's order for this reason alone.

3. Our Independent Review of the Record on Appeal Reveals No Error

Despite defendant's failure to present a reasoned argument in support of his claim of error on appeal, we have independently reviewed the record presented on appeal and find no reversible error. Thus, even in the absence of forfeiture, we would affirm the trial court's order.

"A claim arises from protected activity when that activity underlies or forms the basis for the claim. [Citations.] Critically, 'the defendant's act underlying the plaintiff's cause of action must *itself* have been an act in furtherance of the right of petition or free speech.' [Citations.] . . . [T]he focus is on determining what 'the defendant's activity [is] that gives rise to his or her asserted liability—and whether that activity constitutes protected speech or petitioning.' [Citation.] 'The only means specified in section 425.16

---

**4** While a procedural or substantive defense might be relevant to a determination of plaintiff's likelihood of success on the claims in the second step of an anti-SLAPP analysis, " '[i]f the defendant does not meet its burden on the first step, the court should deny the motion and need not address the second step.' " (*Sheley v. Harrop* (2017) 9 Cal.App.5th 1147, 1162.)

8

by which a moving defendant can satisfy the ["arising from"] requirement is to demonstrate that *the defendant's conduct by which plaintiff claims to have been injured falls within one of the four categories described in subdivision (e) . . . .' "* (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1062-1063; see *Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 884.)

Those four categories are: (1) making a written or oral statement before a legislative, executive, or judicial proceeding; (2) making a written or oral statement in connection with an issue under consideration or review by a legislative, executive, or judicial body; (3) making a written or oral statement regarding an issue of public interest in a place open to the public or in a public forum; and (4) conduct in furtherance of the defendant's exercise of the right to free speech or right to petition regarding an issue of public interest. (§ 425.16, subd. (e).)

Our independent review of plaintiff's complaint does not reveal any allegations of an act that could reasonably be interpreted as falling within any of the statutory categories constituting protected activity under section 425.16. The complaint makes clear that the gravamen of the dispute is a request to dissolve a partnership in response to a growing professional and personal conflict between the parties. Indeed, defendant's own cross-complaint filed in response to the complaint appears to confirm this conclusion, as it includes parallel claims for breach of contract, dissolution of partnership, and an accounting against plaintiff. Absent any suggestion that the complaint is premised upon an act or omission that could be fairly characterized as protected activity as defined in section 425.16, subdivision (e), we find no error in the trial court's conclusion that

9

defendant failed to meet his burden in the first step of the anti-SLAPP analysis. Absent

error, we affirm the order denying defendant's motion.

B. *Defendant's Request for a Writ of Mandate Is Denied*

During the pendency of his appeal, defendant also filed a petition seeking a writ of

mandate to vacate various orders issued by the trial court following the filing of his

notice of appeal. We previously reserved consideration of this request to be resolved

with the appeal. We now conclude that defendant has failed to meet his burden to show

entitlement to the relief requested. Additionally, even assuming the trial court acted in

excess of its jurisdiction with respect to one or more of the matters identified in

defendant's petition, a writ of mandate would serve no practical benefit upon resolution

of defendant's appeal, and any lingering issues can be adequately addressed in a direct

appeal from any subsequent judgment. For these reasons, we deny defendant's petition

for writ of mandate.

1. General Legal Principles

"The writ of mandate lies generally to compel performance of a legal duty when

no plain, speedy, and adequate remedy at law is available. [Citation.] Review by

mandate 'is often sought before trial to avoid the effect of a trial court's order or other

ruling that will affect the conduct of the proceedings and that could not otherwise be

challenged until after judgment is rendered.' [Citation.] . . . [R]eview by writ is at the

discretion of the reviewing court. 'The discretionary aspect of writ review comes into

play primarily when the petitioner has another remedy by appeal and the issue is whether

the alternative remedy is adequate.' " (*People v. Mena* (2012) 54 Cal.4th 146, 153; see

§§ 1085, 1086.)  Generally, absent exceptional circumstances, a reviewing court will not exercise its discretion to review discovery orders or pleading issues in a petition for writ of mandate.  (*San Joaquin County Local Agency Formation Commission v. Superior Court* (2008) 162 Cal.App.4th 159, 166 ["[D]iscovery orders are generally not reviewed by prerogative writ."]; *County of L.A. v. Superior Court* (1998) 68 Cal.App.4th 1166, 1170 ["Appellate courts are reluctant to intervene by extraordinary pretrial writ in matters of pleading."].)

" 'To obtain writ relief . . . the petitioner must show [(1)] there is no other plain, speedy, and adequate remedy; [(2)] the respondent has a clear, present, and ministerial duty to act in a particular way; and [(3)] the petitioner has a clear, present[,] and beneficial right to performance of that duty.' " (*TransparentGov Novato v. City of Novato* (2019) 34 Cal.App.5th 140, 147.)  The petitioner bears the burden to plead and prove the facts necessary to show entitlement to relief.  (*Phelan v. Superior Court of San Francisco* (1950) 35 Cal.2d 363, 370; *California Correctional Peace Officers Assn. v. State Personnel Bd.* (1995) 10 Cal.4th 1133, 1153-1154.)

2.  Defendant Has Not Met His Burden To Show Entitlement to Relief

Here, the prayer for relief in defendant's writ petition requests the following: (1) an order requiring plaintiff to withdraw his first amended complaint; (2) an order directing the clerk's office of the superior court to investigate the circumstances of the filing of plaintiff's first amended complaint; (3) an order vacating the trial court's September 4, 2020 discovery order compelling defendant to respond to written discovery and issuing monetary sanctions; (4) an order vacating the trial court's January 19, 2021

11

order purporting to sanction defendant for failure to file an amended answer in response to plaintiff's first amended complaint; (5) an order vacating a purported hearing date set for February 12, 2021; and (6) various requests for sanctions against plaintiff and plaintiff's attorney of record. Defendant argues that these actions and orders are invalid because they were taken after he filed his notice of appeal from the order denying his anti-SLAPP motion and, as such, violate the automatic stay provided in section 916, subdivision (a).

Section 916, subdivision (a), generally provides that "the perfecting of an appeal stays proceedings in the trial court upon the . . . order appealed from or upon the matters embraced therein or affected thereby, . . . but the trial court may proceed upon any other matter embraced in the action and not affected by the . . . order." Our Supreme Court has clearly held that the statutory stay applies following an appeal from a denial of a special motion to strike pursuant to section 425.16. (*Varian Medical Systems*, *Inc. v. Delfino* (2005) 35 Cal.4th 180, 198-200 (*Varian*).) Thus, as an initial matter, we disagree with plaintiff's argument in opposition that "basic discovery requests and motions associated therewith" are somehow exempt from the automatic stay. Plaintiff has cited no authority for this proposition, the plain words of the statute set forth no such exception, and this position appears contrary to that expressed by our high court in *Varian*.

Thus, to the extent the trial court actually permitted the filing of an amended pleading altering the substantive allegations against defendant or permitted discovery on the complaint to proceed pending defendant's appeal, we agree with defendant that such actions would indeed be void. (*Varian*, *supra*, 35 Cal.4th at p. 199 [Subsequent trial

12

court proceedings in violation of section 916, subdivision (a), are "void—and not merely voidable."].) Nevertheless, as we explain *post*, we believe the record here is inadequate for this court to conclude that any of the matters challenged by defendant can properly be considered embraced in and affected by the pending appeal, such that these matters were, in fact, subject to the stay set forth in section 916, subdivision (a).

First, the act of filing an amended complaint, in and of itself, does not necessarily violate the automatic stay provisions of section 916, subdivision (a). "As a general rule, where only one of several parties appeals from a judgment, the appeal includes only that portion of the judgment adverse to the appealing party's interest . . . ." (*Estate of McDill* (1975) 14 Cal.3d 831, 840.) The stay does not suspend the trial court proceedings with respect to claims asserted against nonappealing parties. (*Hedwall v. PCMV, LLC* (2018) 22 Cal.App.5th 564, 580, fn. 11.) Here, the original complaint named more than one defendant and the register of actions suggests that at least one purpose of the amended complaint was to remove one of those other defendants from the action. Thus, for the amended complaint to violate the stay provisions of section 916, subdivision (a), the substance of the amendments to the pleading must in some way impact the claims alleged against defendant. However, defendant did not include a copy of the amended complaint as part of the record on appeal, did not include a copy of the amended complaint as an exhibit in support of his writ petition, and did not otherwise describe how the amended pleading differed from the original in his petition. Absent such, this court is unable to

conclude that the amended complaint in this case in fact constitutes a violation of the stay pending appeal, such that writ relief would be warranted.[5]

Second, in the specific context of this case, continued discovery between the parties would not, in and of itself, suggest a violation of section 916, subdivision (a). This is because defendant filed a cross-complaint asserting his own claims for affirmative relief arising out of the same general set of facts. The cross-complaint is clearly not a matter embraced in an appeal from an order related to the complaint. (See *Bewley v. Riggs* (1968) 262 Cal.App.2d 188, 192 [A cross-complaint seeking affirmative relief "is to be considered separately from the complaint."].) Nor is it apparent that continued litigation on the cross-complaint would have affected defendant's pending appeal in any meaningful way. Notably, even if defendant prevailed on appeal and obtained a complete dismissal of the complaint upon remand, such a dismissal would not resolve or otherwise dispose of the litigation related to his cross-complaint. (*Sanabria v. Embrey* (2001) 92 Cal.App.4th 422, 425 [dismissal of complaint does not affect pendency of parallel complaints filed by other parties].)

Thus, in the context of this case, continued trial court proceedings, motions, and discovery between the parties would not necessarily represent a violation of section 916, subdivision (a). Plaintiff, as a cross-defendant, would be entitled to continue conducting discovery with respect to the claims alleged in the cross-complaint. Here, defendant did

---

[5] To the extent the amended complaint merely added claims or allegations against other parties or sought to add or dismiss other defendants from the action, such an amended complaint would not violate the automatic stay.

not include copies of the underlying discovery requests as part of the record on appeal, did not submit copies in support of his writ petition, and did not otherwise describe the nature of the discovery when seeking writ relief. Nor did defendant include a copy of the record of oral proceedings related to any discovery motions or provide a copy of the actual discovery orders by the trial court.[6] Absent such, we have no basis to conclude that the discovery requests or any discovery orders related to the complaint, as opposed to any cross-claims asserted in the cross-complaint, would represent a violation, such that section 916, subdivision (a), would be implicated.

Third, defendant complains of a January 19, 2021 order purportedly sanctioning him for failing to file an amended answer to the first amended complaint.[7] However, the record before us contains no order and no record of oral proceedings related to the issuance of any such order. Instead, defendant has presented only a "notice of ruling." A

---

[6] Defendant did submit a copy of the discovery motions, opposition, reply, and notice of ruling. However, these documents all identified the plaintiff both as a plaintiff to the complaint and cross-defendant on the cross-complaint and did not substantively set forth the specific interrogatories or requests for production in dispute. To the extent the moving party may have attached copies of the interrogatories or requests for production to declarations in support of the motions, defendant did not submit copies of any such attachments with his writ petition.

[7] If true, such an act would appear to violate the stay provided in section 916, subdivision (a). As we have already noted, an amended complaint may be filed but only where the amended allegations do not change the substantive nature of the claims against the appealing party. However, an amended complaint that does not change the substantive nature of any allegations against defendant would not require defendant to file an amended answer. (*Carrasco v. Craft* (1985) 164 Cal.App.3d 796, 808-809 [where original answer operates to deny or set forth a sufficient defense to an amended pleading, a new answer is not required]; *Gray v. Hall* (1928) 203 Cal. 306, 312-313 [same].) Thus, requiring defendant to file an amended answer would be a strong indication that the amended pleading itself was void as filed in violation of the stay pending appeal.

15

" 'notice of ruling' " is not the equivalent of a judgment or order. (*Shpiller v. Harry C's Redlands* (1993) 13 Cal.App.4th 1177, 1178.) More importantly, the notice of ruling submitted for our review indicates that defendant was sanctioned for failing to comply with the trial court's September 4, 2020 discovery order and not, as defendant contends, for failing to file an amended answer. Thus, we have no basis to conclude defendant was actually sanctioned for failing to file an amended answer as he claims.

Finally, defendant requests this court vacate a purported February 12, 2021 hearing date set by the trial court. However, neither the record on appeal nor any submissions in support of defendant's writ petition reference a hearing on this date. Thus, this court has no basis to conclude that a hearing was actually set for that date, let alone what the purpose of such a hearing might have been. As such, defendant's petition simply presents no basis for relief via writ of mandate with respect to this hearing. Defendant, as the petitioner seeking relief via extraordinary writ, bears the burden to show that the trial court had a duty to act in a certain way and failed to do so. Where the record is inadequate to conclude that the trial court, in fact, had a duty to act in a certain way, defendant has failed to meet his burden, and the requested relief must be denied.

3. <u>Even Assuming Some Underlying Act or Order Had Violated the Automatic Stay, Defendant Has an Adequate Remedy</u>

We also conclude that, even assuming defendant had met his burden to show one or more of the matters complained of violated the stay provisions of section 916, subdivision (a), writ relief at this stage of the proceedings is unwarranted.

" ' " 'As a general proposition[,] courts will not issue a writ of mandate to enforce an abstract right of no practical benefit to petitioner, or where to issue the writ would be useless, unenforceable or unavailing.' " ' " (*Roger v. County of Riverside* (2020) 44 Cal.App.5th 510, 530.)  Additionally, "a writ of mandate will not issue where there is a plain, speedy, and adequate remedy in the ordinary course of law," and "[a]s a general rule, the right of appeal constitutes such remedy." (*Foster v. Traeger* (1922) 56 Cal.App. 339, 340.)

Here, we observe that even if the filing of an amended complaint in this case was prohibited during the pendency of defendant's appeal, the resolution of the appeal renders the issue moot.  Because we affirm the trial court's denial of defendant's anti-SLAPP motion on appeal, upon the issuance of the remittitur, the trial court would certainly be within its discretion to permit the filing of such an amended pleading (§ 473), and we see no prejudice to defendant as a result of the alleged premature filing.  Likewise, even if the discovery requests in dispute should have been stayed pending resolution of defendant's appeal, defendant's obligation to respond to discovery will resume upon issuance of the remittitur.  Thus, ordering the "withdrawal" of the amended complaint or vacating an order to compel responses to written discovery requests is of no practical benefit to the defendant at this stage in the proceedings.

To the extent defendant claims he was improperly sanctioned for failing to file a responsive pleading or failing to respond to discovery during a stay of proceedings, the

17

record before us identifies only monetary sanctions totaling $2,875.[8] The propriety of these sanctions may be reviewed on direct appeal from a subsequent judgment.[9] (§ 904.1, subd. (b).) Thus, even if defendant had properly identified and supported his claims that the trial court acted in excess of its jurisdiction by issuing orders in violation of the stay imposed by section 916, subdivision (a), a writ of mandate would have no practical benefit in this case, and we would deny defendant's request on this independent ground.

C. *The Parties' Dueling Sanctions Requests Are Denied*

Finally, we address the parties' dueling requests for sanctions. Specifically, defendant has requested we sanction plaintiff and plaintiff's attorney of record for the alleged acts taken in violation of the automatic stay provision of section 916, subdivision (a). In the respondent's brief, plaintiff requests that we sanction defendant for taking a frivolous appeal. We deny both requests.

As we have already explained, it is certainly possible that some act by plaintiff or order of the trial court may have violated the stay provisions of section 916, subdivision (a), in this case. Nevertheless, we denied relief because the record was

---

[8] The trial court issued monetary sanctions as part of its discovery order in the amount of $1,065 on September 4, 2020. It issued an additional monetary sanction in the amount of $1,810 on January 19, 2021, but stayed enforcement of the sanction.

[9] Such an approach is particularly prudent in this case, since defendant contends the trial court was "misle[d]" into believing the stay provisions of section 916, subdivision (a), were not applicable. While defendant has not presented a record sufficient for this court to evaluate the merits of his claim, upon issuance of the remittitur, the trial court will have the benefit of this decision and the discretion to reevaluate the propriety of any sanction award to the extent it believes it was "misle[d]."

18

simply inadequate for us to reach that conclusion absent speculation.  The inadequacy of the record also prevents this court from concluding that plaintiff or plaintiff's attorney actually engaged in an act or omission warranting sanctions, and we deny defendant's sanction requests for this reason.

With respect to plaintiff's request for sanctions on the ground that defendant's appeal was frivolous, a request for sanctions must be accompanied by a supporting declaration.  (Cal. Rules of Court, rule 8.276(b)(1).)  No such declaration was submitted with plaintiff's request.  Further, to the extent plaintiff is requesting this court permit it to file a motion for sanctions, any such motion would be untimely at this juncture.  (*Ibid*. [sanctions motion must be filed "no later than 10 days after the appellant's reply brief is due"].)  Accordingly, we deny plaintiff's request for sanctions on procedural grounds.

## IV.  DISPOSITION

The order is affirmed.  Defendant's petition for writ of mandate is denied. Plaintiff to recover his costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:


SLOUGH
Acting P. J.



MENETREZ
J.

19